RENDERED:  MAY 3, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0697-MR

MARANDA HANSON
                                                                                APPELLANT


                    APPEAL FROM MARSHALL CIRCUIT COURT
v.                  HONORABLE WILLIAM ANTHONY KITCHEN,
                                  SPECIAL JUDGE
                         ACTION NO. 20-CI-00106


MARSHALL COUNTY KENTUCKY;
KEVIN NEAL, IN HIS OFFICIAL
CAPACITY AS MARSHALL
COUNTY JUDGE EXECUTIVE; AND
MARSHALL COUNTY FISCAL
COURT
                                                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE:  Maranda Hanson ("Appellant") appeals from an

order of the Marshall Circuit Court granting summary judgment in favor of

Marshall County, Kentucky, Kevin Neal, in his official capacity as Marshall

County Judge Executive, and Marshall County Fiscal Court ("Appellees"). Appellant argues that the circuit court erred in failing to apply the correct standard to Appellees' motion for summary judgment. She also asserts that she provided adequate evidence to support her claim of wrongful discharge per Kentucky Revised Statutes ("KRS") Chapter 39A, and proved entitlement to damages for negligence *per se* under KRS 446.070. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant was employed by Marshall County, Kentucky as a 911 dispatcher. In December, 2019, Appellant's supervisor, John Townsend, spoke with Appellant about what he characterized as insubordination for sending an inappropriate text message related to 911 training. About four months later, and just as the COVID-19 pandemic was spreading, Appellant sent an email to 911 Director Christopher Freeman regarding Freeman's management of the dispatch center in light of the pandemic. The email, which is contained in the record, questioned the adequacy of Freeman's communication to 911 employees, and accused Freeman of dishonesty and of being untrustworthy. According to Appellant, she was upset that Freeman had not informed her of the reason for Townsend's recent absence from work, believing Townsend's absence was due to his exposure to COVID-19 outside the workplace.

Freeman would later state that he did not inform Appellant or other 911 employees why Townsend was absent from work because Freeman believed such a disclosure would violate the Health Insurance Portability and Accountability Act of 1996, as well as Marshall County Administrative Code § 5.49. It was subsequently determined that Townsend was not infected with the COVID-19 virus.

Freeman learned that Appellant was complaining to co-workers about her grievances and was trying to coordinate a walk-out. He discussed the matter with Marshall County Judge Executive Kevin Neal, and then arranged to meet with Appellant to discuss her email. Freeman would later state that at the meeting to discuss the email on March 23, 2020, Appellant was confrontational and agitated. After explaining the situation to Appellant, Freeman suspended Appellant for three days based on her insubordinate conduct. Appellant immediately resigned her employment with Marshall County 911 dispatch, agreeing to work 2 more weeks before leaving. The three-day suspension was to take effect immediately, with Appellant then working for the remainder of the two-week period.

Appellant told other 911 employees that she had resigned and she cleaned out her locker. She did not appeal her suspension as provided for in the county's policy manual, and did not report back to work after the service of her suspension. Instead, Appellant engaged legal counsel, who emailed Freeman

-3-

stating that Appellant was withdrawing her resignation, and would be quarantining based on her belief that she had been exposed to COVID-19 in the workplace.

Marshall County government, through counsel, responded to Appellant's counsel stating that Appellant had resigned, and that the resignation had been accepted and could not be withdrawn. Marshall County then paid Appellant for her accrued vacation time and sick time, and she was removed from the 911 dispatch schedule.

Thereafter, Appellant filed the instant action in Marshall Circuit Court setting forth the following claims: wrongful discharge (KRS 338.010 *et seq.* and KRS 39A.010); negligence *per se* (KRS 446.070); and retaliation (KRS 338.121 and KRS 61.102(1)). Appellant withdrew her claims of wrongful discharge in violation of KRS 338.010 *et seq.*, and retaliation in violation of KRS 338.121. Thereafter, Neal was dismissed in his individual capacity and Appellees filed a motion for summary judgment.

In support of the motion, Appellees argued that Appellant was not fired from her employment; that even if she were fired, she was an at-will employee whose employment could be terminated for any reason or no reason at all per KRS 338.010, *et seq.*; that Appellees had not violated any statewide emergency management rules governing 911 employees; that Appellees had not violated any provisions of the Kentucky Occupational Safety and Health Act; that

Appellant had no private right of action and was not a whistleblower; that she failed to exhaust her administrative remedies; and that the claims against Fiscal Court and Judge Executive Neal were redundant to the claims of Marshall County.

On June 9, 2023, the Marshall Circuit Court rendered an order granting Appellees' motion for summary judgment. The order centered on the court's finding that Appellant quit her employment and was not fired, that her resignation was accepted, and that Appellant was not entitled to rescind her resignation. The court determined that Appellant failed to present any evidence that her working conditions were so intolerable that she was compelled to resign. Based on its findings that Appellant quit her employment, and that she was an at-will employee who could have been fired for good cause or no cause at all, the circuit court concluded that Appellant could not prove wrongful discharge if the matter proceeded to trial. The court also determined that Appellant's statewide emergency management claim (KRS Chapter 39A), negligence *per se* claim (KRS 446.070), and retaliation claim (KRS 338.121) were unsupported by the record.

Based on the foregoing, the Marshall Circuit Court concluded that even when the record was considered in a light most favorable to Appellant with all doubts resolved in her favor, there was no genuine issue of any material fact and Appellees were entitled to a judgment as a matter of law. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id*. Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant first argues that in dismissing her claims, the Marshall Circuit Court erred in failing to apply the correct summary judgment standard.

Citing *Steelvest*, *supra*, Appellant asserts that on a motion for summary judgment, all issues of fact are to be resolved in favor of the non-movant. Appellant argues that in considering Appellees' motion for summary judgment, the Marshall Circuit Court improperly applied an opposite standard by resolving factual issues in favor of Appellees. Specifically, Appellant maintains that in contrast to her claim that she was discharged from her employment for reporting her concerns regarding workplace safety in the midst of the COVID-19 pandemic, the circuit court determined that Marshall County properly worked with state and local officials to enact safety measures to prevent any workplace outbreaks of the virus. Appellant argues that this finding was improper, as the court failed to resolve this issue of fact in her favor. She asserts that the question is not whether the evidence she propounded is true or false, but rather whether it created genuine issues of material fact sufficient to overcome Appellees' motion for summary judgment. She argues that because the circuit court erred in failing to consider the evidence in a light most favorable to the non-movant, the entry of summary judgment must be reversed.

The focus of both Appellant's complaint, and the circuit court's resolution of Appellees' motion for summary judgment, was Appellant's contention that she was wrongfully discharged from employment per KRS 338.010 and KRS 39A.010. In determining that there was no genuine issue of material fact

on this claim, and that Appellees were entitled to a judgment as a matter of law, the circuit court found that Appellant was not fired but rather that she quit her job.

This finding is supported by the record. Appellant acknowledged in the trial record, as well as in her appellate brief, that she resigned from her employment with Marshall County.[1] It cannot reasonably be argued that she was wrongfully discharged from employment, when she acknowledges having immediately resigned in protest to her suspension for insubordination. There are no genuine issues of material fact on this issue, and Appellees are entitled to a judgment as a matter of law on her claim of wrongful discharge. The Marshall Circuit Court expressly applied the correct standard in so ruling.

Appellant goes on to argue that she provided adequate evidence to overcome summary judgment on her claim of wrongful discharge in violation of KRS Chapter 39A ("Statewide Emergency Management Programs"). Specifically, Appellant points to Governor Andy Beshear's Executive Order 2020-215, made in concert with KRS Chapter 39A, which allowed certain essential businesses to remain open during the pandemic, but required that sick or exposed employees be sent home. Appellant argues that Appellees' failure to send home 911 employees who were exposed to the virus violated the Governor's executive order. This

---

[1] "In an immediate response to the suspension, Hanson . . . tendered her resignation[.]" Appellant's Brief at p. 8, citing Record ("R.") Vol III pgs. 808-66; R. Vol. IV pgs. 867-1008; and, R. Vol. V pgs. 1025-86.

failure, she asserts, resulted in her constructive discharge because she was left with no choice but to resign her employment to avoid exposure to the virus. She also argues that, though she did resign, Appellees' refusal to accept the rescission of her resignation four days later was itself an improper termination of her employment.

Appellant did not plead constructive discharge in her complaint, and it appears that the first time this claim was raised was in her response to Appellees' motion for summary judgment. In disposing of Appellees' motion, the circuit court did briefly note that "there is no evidence of constructive discharge in that her working conditions were not so intolerable that she was forced to resign." *Arguendo*, even if Appellant's claim of constructive discharge were properly pleaded and argued, we agree that there is no genuine issue of material fact as to this claim, and that Appellees were entitled to summary judgment.

"The commonly accepted standard for constructive discharge is whether, based upon objective criteria, the conditions created by the employer's action are so intolerable that a reasonable person would feel compelled to resign." *Northeast Health Management, Inc. v. Cotton*, 56 S.W.3d 440, 445 (Ky. App. 2001) (internal quotation marks, footnote, and citation omitted). Even when viewing the record in a light most favorable to Appellant per *Steelvest*, it is void of any objective criteria creating conditions so intolerable that a reasonable person would have felt compelled to resign. Although Appellant subjectively believed

that Townsend's presence in the workplace threatened her health and safety by exposing her to COVID-19, she was incorrect as the record reveals that Townsend did not contract COVID-19 nor expose others to the virus during the relevant timeframe. Appellant was not privy to Townsend's medical records (nor should she be); she was not vested with the authority to make human resources decisions on behalf of her superiors; and, she produced no evidence of exposure or infection in the workplace arising from Appellees' policies or conduct.

Appellant, through counsel, acknowledges that she was "extremely concerned" and "beyond terrified" regarding COVID-19. This was a widespread and understandable response to the virus, especially in the early weeks and months of the pandemic. However, one's subjective and emotional response to the pandemic is not a substitute for the objective criteria of intolerable workplace conditions required to sustain a claim of constructive discharge. The Marshall Circuit Court correctly found that Appellant was not constructively discharged, and we find no error on this issue.

Lastly, Appellant claims entitlement to damages under KRS 446.070. This statute provides that, "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." As the record does not demonstrate any violation of statute nor resultant injury, this argument is moot.

## <u>CONCLUSION</u>

The circuit court correctly found that there were no genuine issues as to any material fact, and that Appellees were entitled to a judgment as a matter of law. *Scifres*, *supra*. For these reasons, we find no error and affirm the Marshall Circuit Court's order granting summary judgment in favor of Appellees.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Marilyn Shrewsbury                      Stacey A. Blankenship
Eddyville, Kentucky                     Kristen N. Krueger
                                        Paducah, Kentucky